IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | CIVIL ACTION NO. 1:09-cv-00576 |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| CITY OF GREENSBORO | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act ("ADEA") to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Terry Pearson, who was adversely affected by the practices. Plaintiff, the Equal Employment Opportunity Commission (the "Commission") alleges Defendant, City of Greensboro ("Defendant"), refused to hire Terry Pearson, then age 58, because of his age. Further, as alleged with greater specificity in paragraph 10 below, the Commission alleges Defendant failed to preserve certain personnel records relevant to the disposition of Mr. Pearson's charge of discrimination as required by law.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the

"ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the U.S. District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, City of Greensboro, has continuously been a Political Subdivision of the State of North Carolina.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. On or around June 18, 2007, Defendant engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). Specifically, Defendant refused to hire Terry Pearson because of his age, then 58. Mr. Pearson applied for, and was qualified for, one of Defendant's vacant Electronic Processes Specialist positions. However, Defendant filled all of the positions with substantially younger applicants, at least one of whom was less qualified than Mr. Pearson. The approximate ages of the successful applicants at the time of their selection were 28, 38, and 39.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Terry Pearson of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

10. Since at least March 2007, Defendant has violated 29 C.F.R. 1627.3(b)(1)(i), enacted pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a), by failing to make or preserve records, for the requisite one-year period, pertaining to the failure or refusal to hire Mr. Pearson. Specifically, Defendant failed to make or preserve records, including but not limited to scoring sheets and interviews notes, related to Defendant's hiring of applicants for the Electronic Processes Specialist position.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from making employment decisions based on age, and from any other employment practices which discriminate on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Terry Pearson, whose wages are being unlawfully withheld as a result of the acts complained of above.

D. Order Defendant to make whole Terry Pearson, who was adversely affected by the unlawful employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring and/or front pay.

E. Order Defendant to make and preserve records required by the Commission pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 626(a), and 29 C.F.R. 1627.3(b)(1)(i).

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This the 31st day of July, 2009.

    Respectfully submitted,


JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney

TINA M. BURNSIDE
Supervisory Trial Attorney

s/ Darryl L. Edwards
DARRYL L. EDWARDS (PA Bar # 205906)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
(704) 344-6875 (Direct Dial)
(704) 344-6870 (Facsimile)
darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**